R. Bryan Martin (Bar No. 221684)
bmartin@hbblaw.com
Roxanne Irani (Bar No. 239457)
rirani@hbblaw.com
HAIGHT BROWN & BONESTEEL, LLP
2050 Main Street, Suite 600
Irvine, California 92614-8261
Telephone: 714.426.4600
Facsimile: 714.754.0826

Scott Sarason, *Pro Hac Vice*
ssarason@rumberger.com
Michael Holt, *Pro Hac Vice*
mholt@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
Brickell Bayview Centre, Suite 3000
80 Southwest 8th Street
Miami, FL 33130-3037
Telephone: 305.358.5577
Facsimile: 305.371.7580

Attorneys for Defendant
BOMBARDIER RECREATIONAL PRODUCTS INC.
(erroneously sued as "Bombadier Recreational Products, Inc.")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DANA CONRAD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BRP US INC., SEA-DOO, and Does 1 to 100,<br><br>　　　　Defendants. | Case No. 2:14-CV-04383-SJO-E<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Complaint Filed:　March 5, 2014<br>Trial Date:　　　　September 15, 2015 |

The parties in this action, by and through their undersigned attorneys, hereby agree and stipulate as follows with regard to discovery in this action, which the parties acknowledge involve the confidential and/or proprietary information of defendant, BOMBARDIER RECREATIONAL PRODUCTS, INC. ("Bombardier"). Good cause exists to enter a Protective Order. Bombardier is a company who

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

BR30-0000113
11451640.1

1

STIPULATION AND PROTECTIVE ORDER

specializes in the manufacturing of personal watercrafts and other types of sporting recreational vehicles. Because of the nature of Bombardier's business, certain documents which may be sought to be produced in this litigation are confidential and/or proprietary in that they constitute trade secrets, confidential corporate or other confidential research development, or commercial information requiring a specific need for a protective order before they are produced.

Based upon stipulation by the Plaintiff, Dana Conrad, and the Defendant, Bombardier Recreational Products Inc., and their respective counsels, and it having appeared to this Court that the parties have a mutual interest in the orderly and prompt production of documents and materials, the Court enters this Agreed Protective Order of Confidentiality. Each side has discussed with the other their respective concerns about the propriety of designating certain information, such as pricing, competitor information, and general trade secret information which the Parties agree is confidential. The Parties, having weighed the issues related to having a court decide the propriety of a confidentiality designation, have reached a compromise. The compromise, as set forth below, provides for the protection of such confidential information, a method available to challenge any designation of confidentiality, and the exclusion of production of counsel's core work product.

**IT IS HEREBY ORDERED AND ADJUDGED THAT:** the following procedures and provisions shall govern material/information produced by Defendant, as set forth below:

1. Information obtained from Defendant in response to discovery requests or from a witness that does not constitute trade secret, confidential corporate or other confidential research development, or commercial information is not the subject of this Order and production of such material will not be delayed while the Parties discuss any appropriate method of handling Defendant's production of confidential materials.

///

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BR30-0000113
11451640.1

2

Case No. 2:14-CV-04383-SJO-E
STIPULATION AND PROTECTIVE ORDER

2. No party to this action shall seek or request an Order to obtain counsel's core work product, unless said party has a good faith basis to believe that the information in dispute does not constitute core work product; and

3. For information obtained from Defendant in response to discovery requests or from a witness that Defendant regards as confidential trade secrets or other confidential research, development, or commercial information, such confidential information shall be the subject of this Order and it is further agreed that:

   A. The confidential information shall be produced in a legible format or in the best available copy;

   B. The confidential information shall be produced with "Confidential" and bates number placed on the information, but any such markings must not cover or mark over any textual material and be done in a manner that will not interfere with its legibility;

   C. The confidential information produced shall be stored in a secure fashion to assure compliance with this order;

   D. The requesting party may designate a competent person or entity to serve as his or her agent to organize said data and to limit distribution in accordance with this Order; and

   E. This Order shall apply to such documents and written responses even if they are marked as deposition exhibits or used at trial.

4. The following has been agreed to as to all confidential information that is the subject of this Order:

   A. All confidential information furnished shall be available to counsel for the requesting party for use in this case only;

   B. Such confidential information shall not be produced to any commercial competitor or product manufacturer of the party producing the data;

   C. Such confidential information may be provided to the court in connection with consideration of any motion but shall be filed with a request that it be placed under seal with the following language:

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BR30-0000113
11451640.1

3

Case No. 2:14-CV-04383-SJO-E
STIPULATION AND PROTECTIVE ORDER

**CONFIDENTIAL**

This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing use of confidential discovery material. The envelope shall not be opened or the contents thereof displayed or revealed except by order of the Court. <u>Violations may be regarded as contempt of Court</u>;

D. A party filing confidential information under seal must simultaneously submit a motion and accompanying order.

E. The data produced hereto may not otherwise be sold, offered, advertised or publicized to any media representative or to any competitor of Defendant or others who might exploit the materials and information for economic gain;

F. If protected material/information is discussed during a deposition or hearing, Defendant shall designate the appropriate portions thereof as confidential material/information by so indicating on the record during the deposition or hearing or by notice to all parties within 30 days of the hearing or deposition; and

G. Any confidential material/information produced or disclosed in this action, and any information derived therefrom, shall not be disclosed or referenced to any person or entity not authorized to examine the documents and materials produced and who has not signed an Acknowledgment of Protective Order.

5. Should a requesting party dispute that materials produced constitute trade secret or other confidential research, development, or commercial information, said requesting party shall notify the producing party within thirty (30) days following receipt of said documents. The producing party may, within thirty (30) days, file a motion with the court for a determination that the materials are entitled to confidentiality. Under such circumstances, the producing party bears the burden of proving the propriety of designating an item as confidential. If a motion is brought, the materials shall be handled in accordance with this Order and the disputed documents will remain protected pending the Court's review and decision until the motion is ruled upon, and thereafter shall be subject to this Order if the court determines that the material is confidential research, development, or commercial information.

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BR30-0000113
11451640.1

4

Case No. 2:14-CV-04383-SJO-E
STIPULATION AND PROTECTIVE ORDER

6.    Confidential materials may be disclosed to attorneys or other office personnel, experts, contractors, and consultants, working with counsel for the requesting party in this case. In the event that anyone outside the confines of the office of counsel is to receive information covered by this Stipulation, they must sign an Acknowledgment of Protective Order, which must be sent to the individual with a letter explaining the confidentiality terms of the Agreed Protective Order and that they will be bound by those terms.

7.    Counsel for the requesting party shall assure that anyone working in his/her office or as his agent will be familiarized with the terms of this Order and be instructed that they are bound by the Order.

8.    Plaintiff, Plaintiff's counsel, technical consultants, and/or experts shall not advertise nor otherwise publish that they have the information obtained through the Defendant through discovery in this case, whether described specifically or generally.

9.    The requesting party shall maintain a list of the names of all persons outside its firm to whom the information is disclosed until such time as all materials covered by this Agreed Protective Order are returned to counsel for Defendant as set forth in paragraph 10 of this Agreed Protective Order.

10.    At the completion of the litigation, the confidential information produced pursuant to this Agreed Protective Order, including all copies, the list maintained in paragraph 9, a copy of all Acknowledgment of Protective Order certifications, and a copy of all letters that accompanied all Acknowledgement of Protective Order certifications shall be returned to Scott M. Sarason, Esquire, counsel for Defendant. The Clerk may either return to Mr. Sarason or destroy any confidential information sealed under this Order.

11.    This Agreed Protective Order shall be entered of record with the Court and be of the same force and effect as an order of the Court.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BR30-0000113
11451640.1

5

Case No. 2:14-CV-04383-SJO-E
STIPULATION AND PROTECTIVE ORDER

CONSENTED TO:

Dated: October 14, 2014

LAW OFFICE OF BALL & YORKE

By: _____
ALLEN R. BALL
BRETT YORKE
Attorneys for Plaintiff
DANA CONRAD

Dated: October 14, 2014

HAIGHT BROWN & BONESTEEL LLP

By: _____
R. BRYAN MARTIN
ROXANNE IRANI
Attorneys for Defendant
BOMBARDIER RECREATIONAL
PRODUCTS INC.

Dated: October 14, 2014

RUMBERGER, KIRK & CALDWELL, P.A.

By: ____/s/_____
SCOTT M. SARASON *(pro hac)*
MICHAEL R. HOLT *(pro hac)*
Attorneys for Defendant
BOMBARDIER RECREATIONAL
PRODUCTS INC.

IT IS SO ORDERED.

Dated: 11/18, 2014

_____
~~District Court Judge~~

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BR30-0000113
11451640.1

6

Case No. 2:14-CV-04383-SJO-E
STIPULATION AND PROTECTIVE ORDER

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, being first duly sworn, state that I reside at _____, County of _____, State of ___, and that I have received a copy of the Agreed Protective Order of Confidentiality ("Protective Order") entered in Dana Conrad v. Bombardier Recreational Products Inc., Case No. 2:14-CV-04383-SJO-E, United States District Court for the Central District of California – Western Division, and a copy of a letter explaining that Protective Order. I have read both of these documents and understand that I am subject to and bound by the terms of that Protective Order. I further understand that even though I am not a party to Kaylee Hunter v. Bombardier Recreational Products Inc., et al., Case 10-2639 JNE/FLN, the United States District Court for the District of Minnesota has jurisdiction and authority to enforce that Protective Order as it applies to me and my actions.

DATED this ____ day of _____, 2014.

SWORN AND SUBSCRIBED TO before me this ____ day of _____, 2014.

_____
(Notary's signature)

_____
(Print Notary's Name)

NOTARY PUBLIC, State of _____

My commission expires:

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BR30-0000113
11451640.1

7

Case No. 2:14-CV-04383-SJO-E
STIPULATION AND PROTECTIVE ORDER